**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| YASSIN ABDULLAH KADI,           )<br>                                 )<br>            Plaintiff,           )<br>                                 )<br>      vs.                        )<br>                                 )<br>TIMOTHY GEITHNER, et al.         )<br>                                 )<br>            Defendants.          )<br>_____) | Civil Action 09-0108 (JDB) |

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

Plaintiff Yassin Abdullah Kadi ("Mr. Kadi"), by and through undersigned counsel, and pursuant to Federal Rule of Evidence 201 and the Court's inherent authority, respectfully requests that the Court take judicial notice of two Consent Orders (the "Orders") made on June 8, 2010, by the authority of The High Court of Justice, Queen's Bench Division, Administrative Court in London which reflect the final disposition of two pieces of litigation commenced by Mr. Kadi in November 2001 in the United Kingdom ("UK"). The Orders are attached hereto as Exhibits 2 and 3. In support of this Request, Mr. Kadi states as follows:

1.    The claims brought by Mr. Kadi against Her Majesty's Treasury ("HM Treasury" or "UK Treasury") in London concerned his challenge to his "designation" by UK authorities under UK law on October 12, 2001, a designation that took place simultaneously with his designation by the Office of Foreign Asset Control ("OFAC") in the United States. Mr. Kadi's name was included in identical lists issued simultaneously by the UK Treasury and the U.S. Treasury Department on October 12, 2001.

-2-

2.      As a result of these proceedings, in December 2008, the UK Treasury removed Mr. Kadi from its UK list (a "delisting") of persons under the Terrorism (United Nations Measures) Order 2001 (the "2001 Order").  In other words, Mr. Kadi's "designation" under the 2001 Order by the UK government was withdrawn.  This delisting followed a comprehensive review by the UK Treasury of the case against Mr. Kadi, including a review of the materials which had been used to support Mr. Kadi's original designation, after which the UK Treasury concluded that "*the case against [Mr. Kadi] no longer meets the test set out in . . . the Terrorism Order*" (emphasis added).  A copy of the HM Treasury letter delisting Mr. Kadi is attached hereto as Exhibit 1.

3.      Notwithstanding the revocation of Mr. Kadi's designation under the 2001 Order, he remained designated on a second list pursuant to separate UK legislation, the Al Qaeda and Taliban (United Nations Measures) Order 2006 (the "2006 Order") which contained different listing criteria.  However, following a separate challenge, this second listing was annulled as a result of the decision of the Supreme Court of the United Kingdom (the highest appellate court in the UK for civil cases) on January 27, 2010 *[Her Majesty's Treasury (Respondent) v Ahmed and Others [2010] UKSC 2 ]*.  In that judgment, the UK's Supreme Court ruled that the operative part of the 2006 Order must be quashed as being *ultra vires*.  Thus, Mr. Kadi's removal from this second list was done as the result of the finding by the Supreme Court of the United Kingdom that any such designation (as was done in Mr. Kadi's case in contravention of his fundamental rights) was illegal.  For the convenience of the Court, a copy of the UK Supreme Court's Press Summary, explaining its ruling, and the opinion itself are attached hereto as Exhibits 4 and 5, respectively.

4.	In keeping with Mr. Kadi's complete success in having the UK government withdraw his designations and delist him, the attached Consent Orders (Exhibits 2 and 3) reflect the agreement of the UK Treasury to pay Mr. Kadi's legal fees and expenses ("costs") in both actions from the inception of his designation by the UK Treasury in October 2001, which was simultaneous with his designation by OFAC, through his delisting by the UK Treasury under the 2001 Order in December 2008.  The total costs to be paid by the UK Treasury will amount to a substantial six-figure pound sterling sum.

5.	Given that the Consent Orders only were made on June 8, 2010, they were not available at the time that briefing was completed on Defendants' Motion to Dismiss, or, in the Alternative, for Summary Judgment (the "Motion") herein, or prior to the April 9, 2010, hearing on the Motion.  However, Mr. Kadi respectfully submits that it is appropriate for the Court to consider the Orders and what they represent given that the UK's listing of Mr. Kadi in October 2001 was the direct result of the information provided by, actions taken by, and requests made by the United States Department of the Treasury, a defendant to this action.

6.	As the Consent Orders have been made in public pursuant to the authority of The High Court of Justice, Queen's Bench Division, Administrative Court, and filed therein they are a matter of public record.  This Court has repeatedly and recently recognized that it is appropriate to take judicial notice of matters of public record in deciding a motion to dismiss. See Simmons v. Wolff, 594 F. Supp. 2d 6, 8 (D.D.C. 2009) (Bates, J.) ("In deciding a motion brought under Rule 12(b)(6), a court is limited to considering the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice. . . . A court may take judicial notice of public records from other proceedings.") (internal citations omitted); Covad Communs. Co. v. Bell Atl. Corp.,

407 F.3d 1220, 1222 (D.C. Cir. 2005) ("[W]e took judicial notice of facts on the public record - that is, consulted the relevant opinions - as a court may do upon a motion to dismiss.") (internal citations omitted); Marshall County Health Care Auth. v. Shalala, 988 F.2d 1221, 1228 (D.C. Cir. 1993) (Noting a "[a] narrow exception to th[e] general rule," that precludes consideration of matters outside of the four corners of a complaint in deciding a Rule 12(b)(6) motion, "has been crafted, however, to allow courts to take 'judicial notice' of facts on the public record."); Uzlyan v. Solis, No. 09-1035, 2010 U.S. Dist. LEXIS 36423, *21, n. 5 (D.D.C. Apr. 13, 2010) ("In deciding a Rule 12(b)(6) motion, a court may take judicial notice of public records from other proceedings.").

For the foregoing reasons, Mr. Kadi respectfully requests that the Court take judicial notice of the two Consent Orders and consider these Orders in its determination of the pending Motions.

Respectfully submitted,

Dated: June 22, 2010

/s/  David F. Geneson
David F. Geneson (DC Bar #267245)
Sheppard Mullin Richter & Hampton LLP
1300 I Street, N.W., 11th Floor East
Washington, DC  20005-3314
Telephone: (202) 218-0030
Facsimile: (202) 218-0020
dgeneson@sheppardmullin.com

Daniel L. Brown (*pro hac vice*)
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza, Suite 2400
New York, NY  10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
dlbrown@sheppardmullin.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of June, 2010, I caused a copy of the foregoing Plaintiff's Request for Judicial Notice, via the Court's ECF system, which will send copies to the following counsel of record:

>Eric J. Beane, Esq.
>U.S. Department of Justice
>Civil Division, Federal Programs Branch
>20 Massachusetts Ave., N.W., Room 7124
>Washington, D.C. 20001

>/s/  David F. Geneson_____
>David F. Geneson