## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| YASSIN ABDULLAH KADI, | ) ) | |
| Plaintiff, | ) ) | Civil Action 09-0108 (JDB) |
| vs. | ) ) ) | |
| TIMOTHY GEITHNER, *et al.* | ) ) ) | |
| Defendants. | ) ) ) | |

### RESPONSE TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

On October 8, 2010, Plaintiff requested that the Court take judicial notice of a September 30, 2010 Judgment of the General Court of the European Union. *See* Doc. #47. As an initial matter, Plaintiff's request falls outside the bounds of typical requests for judicial notice. Plaintiff cites cases in which courts looked beyond the facts alleged in a complaint—such as facts in the public record—in deciding motions brought under Rule 12(b)(6). In a record-review case brought under the Administrative Procedure Act, however, a different and more relevant limitation applies to judicial review when defendant agencies move for summary judgment under Rule 56. The reviewing court examines the record before the agency at the time of the challenged final agency action. *See, e.g., Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 162 (D.C. Cir. 2003). A recent legal decision in the European Union ("EU") should not be considered when determining whether the Office of Foreign Assets Control ("OFAC") had a reasonable basis to believe, in 2004, that Plaintiff engaged in conduct that satisfied the criteria for designation pursuant to Executive Order 13,224.

Further, the EU decision arises in a significantly different context. Plaintiff initially prevailed before the European Court of Justice ("ECJ") on a procedural argument—that the EU had failed to communicate the grounds for listing to Kadi, thus depriving him of fundamental rights. After the ECJ decision, the EU provided Kadi with a summary of the reasons for his designation. The General Court was not satisfied with the process provided by the EU, however, because "the Commission in actual fact considered itself strictly bound by the [United Nations] Sanctions Committee's findings and therefore at no time envisaged calling those findings into question in the light of [Mr. Kadi's] observations." *See* Judgment ¶ 171. Moreover, the General Court noted that the summary of reasons provided by the EU was "identical" to the summary of reasons prepared by the United Nations. *Id*. ¶ 54. Defendants in this case exercised their own independent judgment and developed their own independent administrative record in deciding to deny Plaintiff's request for reconsideration and maintain his designation. And Plaintiff has never suggested anything to the contrary. Therefore, Kadi cannot complain in this case that OFAC failed to exercise its own independent judgment, or that he was unable to present his case to "competent authorities." Pl.'s Req. at 7 ¶¶ 12, 14.

In any event, the General Court decision is of no persuasive value. The United States was not a party to the European litigation involving Plaintiff, and neither the EU nor the General Court had before them the U.S. Government's administrative record that is before this Court. Indeed, the European Union did not have access to the classified information in this case, and the European Union did not rely on the evidence before this Court linking Plaintiff to Hamas through his financial support of Muhammad Salah. *See* AR 16-20. United Nations Security Council Resolution 1267 and subsequent resolutions, upon which Plaintiff was designated, do

not include Hamas and its financial and other supporters within their purview.  Kadi's suggestion that the EU and OFAC relied upon the same body of evidence therefore rings hollow.  Pl.'s Req. at 9 ¶ 18.  As Defendants explained in previous filings, Kadi provided hundreds of thousands of dollars to Muhammad Salah, an admitted Hamas operative and a Specially Designated Terrorist under Executive Order 12,947.  During the time period that Kadi was providing money directly to Salah, Salah admitted to Israeli officials that he engaged in activities in the United States and abroad for Hamas.  Defs.' Mem. at 11, 19-21, Doc. #12-2.  The EU decision, which nowhere mentions or discusses Kadi's financial support of Salah and Hamas, therefore does not "vindicate" Kadi of his links to terrorism.

In addition to these significant factual distinctions, certain purported procedural flaws identified in the General Court's opinion are simply not present in this case.  For example, it cannot be said that Defendants in this case "failed to take due account of [Mr. Kadi's] comments . . ."  Pl.'s Req. at 7 ¶ 13; Judgment ¶ 172.  Prior to OFAC's March 12, 2004 decision to deny Plaintiff's request for reconsideration and maintain his designation, Plaintiff had the opportunity to submit multiple witness statements and numerous exhibits and to engage in an extensive question-and-answer exchange with OFAC.  Plaintiff claims that the U.S. Government has exhibited "willful blindness to contrary evidence," Pl.'s Req. at 9 ¶ 19, but Plaintiff and/or his representatives had the opportunity to meet face-to-face with OFAC officials and make a presentation on at least four separate occasions.  AR 4-5; 2752, 2765.  When OFAC rendered its decision on March 12, 2004, Plaintiff was provided with a 20-page memorandum providing an explanation for the decision.  The memorandum extensively cited Kadi's contentions and

evaluated, to the extent possible without revealing classified information, Kadi's purported exculpatory evidence.  *See* AR 3-22.

Plaintiff also advances legal arguments that are foreclosed by D.C. Circuit precedent. For example, Plaintiff continues to contest the fact that he has not received access to classified information, *see* Doc. #47, at 9, despite the fact that this Court has already issued a ruling on this issue.  *See* Doc. #39, at 1-2 ("This Circuit has clearly and unambiguously held that the withholding of classified information in terrorist designation cases does not violate due process, and, hence, the government may rely on classified information submitted ex parte and in camera to support its designation decision.").

Developments in a different jurisdiction involving different factual records, different procedures, different legal authorities, and different standards of review have no bearing on the issues before this Court.  For all these reasons, the materials recently filed by Plaintiff should be disregarded.

Dated: October 25, 2010              Respectfully submitted,

                                     TONY WEST
                                     Assistant Attorney General

                                     DOUGLAS N. LETTER
                                     Terrorism Litigation Counsel

                                     SANDRA M. SCHRAIBMAN
                                     Assistant Branch Director (D.C. Bar #188599)

                                        /s/ Eric J. Beane
                                     ERIC J. BEANE (Arizona Bar #023092)
                                     Trial Attorney
                                     U.S. Department of Justice
                                     Civil Division, Federal Programs Branch
                                     20 Massachusetts Ave., N.W., Room 7124
                                     Washington, D.C.  20001

        Telephone: (202) 616-2035
        Fax: (202) 616-8470
        Eric.Beane@usdoj.gov

        *Counsel for Defendants*